| | | |
|---|---|---|
| STATE OF INDIANA | ) | LAPORTE SUPERIOR COURT NO. 2 |
| | ) SS: | |
| COUNTY OF LAPORTE | ) | CAUSE NO. 46D02 |

THOR CUSTOM STEEL COATINGS, LLC,  )
JIM EPSTEIN,  )
EVAN EPSTEIN, and  )
JONATHAN WINTERS,  )
    Plaintiff,  )
      )
v.  )
      )
BRYAN BISHOP,  )
CHRISTOPHER GRIFFIN, and  )
PROVECTUS ALCHEMY, INC.  )
    Defendants.  )

## COMPLAINT FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTION

COMES NOW, Plaintiff, Thor Custom Steel Coatings, LLC, by counsel, Joseph O. Walsh, Jr., being duly sworn upon its oath, pursuant to Rule 57 of the Indiana Rules of Trial Procedure and Indiana Code 34-14-1 et. seq. (The Indiana Uniform Declaratory Judgments Act), states as follows:

### FACTS COMMON TO ALL COUNTS

1. That this Honorable Court has jurisdiction over the parties and the subject matter of this cause of action.

2. That Plaintiff, Thor Custom Steel Coatings, LLC, is a limited liability company organized under the laws of the State of Indiana, with a principal place of business as 3609 E US Hwy 12, Michigan City, County of LaPorte, State of Indiana 46360. Thor Custom Steel Coatings, LLC was created on December 30, 2020.

3. That Plaintiff, Jim Epstein, is a member of Thor Custom Steel Coatings, LLC.

4. That Plaintiff, Evan Epstein, is a member of Thor Custom Steel Coatings, LLC.

5. That Plaintiff, Jonathan Winters, is a member of Thor Custom Steel Coatings, LLC.

6. That Plaintiff, Jonathan Winters, is chemist who develops industrial chemicals for the steel industry.

7. That between 2013 and May 2020, Plaintiff, Winters, developed many chemical compounds for use in the steel industry.

8. That Defendant, Bryan Bishop, is a resident of the State of Kentucky.

9. That Defendant, Christopher Griffin, is a resident of the State of Kentucky.

10. That Defendant, Provectus Alchemy, Inc., incorporated on February 15, 2013, is, as of February 16, 2014, an administratively dissolved corporation previously organized under the laws of the State of Delaware, initially incorporated by Plaintiff, Winters.

11. That on or about August 18, 2014, Plaintiff, Winters, accepted funds from Defendant, Bishop, as an investment for purposes of developing a chemical compound for the steel industry through Defendant, Provectus Alchemy, Inc.

12. That sometime in 2015, Defendant, Provectus Alchemy, Inc. ceased operations.

13. That the chemical compounds developed by Plaintiff, Winters between August 18, 2014 and the conclusion of Defendant, Provectus Alchemy, Inc.'s operations, did not accomplish their initially intended goals and failed for their intended use in the steel industry.

14. That Plaintiff, Winters, discontinued developing chemical compounds for use in the steel industry from the conclusion of Defendant, Provectus Alchemy, Inc.'s operations until 2017.

15. That on or about November 16, 2017, Plaintiff, Winters, accepted funds from Defendant, Griffin, as an investment for purposes of developing a chemical compound for the steel industry.

16. That sometime in 2018, the relationship between Plaintiff, Winters, and Defendant, Griffin ceased due to Plaintiff, Winters, requesting additional funding from Defendant, Griffin, and Defendant, Griffin, refused Winters' request for additional funding.

17. That the chemical compounds developed by Plaintiff, Winters, between November 16, 2017 and his request for additional funding from Defendant, Griffin, did not accomplish their initially intended goals and failed for their intended use in the steel industry.

18. That following Defendant, Griffin's refusal to comply with Plaintiff, Winters' request for additional funding, Winters accepted independent contract work with non-party, Calvary Industries, Inc., again performing chemical development for use in the steel industry.

19. That the chemical compounds developed by Plaintiff, Winters as an independent contractor, did not accomplish their initially intended goals and failed for their intended use in the steel industry.

20. That sometime thereafter Plaintiff, Winters, terminated his relationship with non-party, Calvary Industries, Inc.

21. That in February 2021, Plaintiff, Winters, in his role as member of Plaintiff, Thor Custom Steel Coatings, LLC, provided a 100% ownership interest in a non-silicone formula for application and use in the steel industry to Plaintiff, Thor Custom Steel Coatings, LLC.

22. That in April 2021, Plaintiff, Thor Custom Steel Coatings, LLC, filed a provisional patent for the non-silicone formula acquired from Plaintiff, Winters, in February 2021.

23. That at no time prior, during, or after Plaintiff, Winters' involvement with Calvary Industries, Inc. did he sell, assign, or otherwise contract any financial interest in the non-silicone formula for application and use in the steel industry to Defendant, Bishop.

24. That at no time prior, during, or after Plaintiff, Winters' involvement with Calvary Industries, Inc. did he sell, assign, or otherwise contract any financial interest in the non-silicone formula for application and use in the steel industry to Defendant, Griffin.

25. That at no time prior to, during, or after Plaintiff, Winters' involvement with Calvary Industries, Inc. did he sell, assign, or otherwise contract any financial interest in the non-silicone formula for application and use in the steel industry to Calvary Industries, Inc.

26. That upon information and belief, Defendants, Bishop, Griffin, and/or Provectus Alchemy, Inc., may attempt to claim complete or partial ownership of the non-silicone formula for application and use in the steel industry created by Plaintiff, Winters, despite a lack of written agreement to the contrary between any or all of the Defendants and Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, or Jonathan Winters.

### COUNT I: DECLARATORY JUDGMENT TO DECLARE THAT DEFENDANT, BRYAN BISHOP, DOES NOT HAVE AN OWNERSHIP INTEREST OR ANY OTHER RIGHTS TO THE POLYZILAZANE FORMULA DEVELOPED BY WINTERS AND CURRENTLY OWNED BY THOR CUSTOM STEEL COATING, LLC.

27. That Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters, incorporate herein by reference all prior allegations.

28. That a declaratory judgment action is the proper procedural vehicle to use to distinguish the ownership interest and any other rights of the non-silicone formula owned by Plaintiff, Thor Custom Steel Coating, LLC, and developed by Plaintiff, Winters.

29. That this controversy fits squarely within the very purpose of declaratory judgment actions – to resolve a dispute or uncertainty before it progresses to the point where real harm occurs.

30. That this controversy is ripe for judgment. Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters, have been contacted by Defendant Bishop, wherein Bishop suggested the non-silicone formula was owned either partially or completely by Bishop.

31. That a declaratory judgment by which a court of law determines the rights and responsibilities of the parties to this action and is necessary to resolve an existing dispute.

32. That for the reasons set forth in Count I, Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters, request that this Honorable Court declare that Defendant, Bryan Bishop, has no ownership interest, or any other rights, in the non-silicone formula developed by Plaintiff, Winters, and currently owned by Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters.

### COUNT II: DECLARATORY JUDGMENT TO DECLARE THAT DEFENDANT, CHRISTOPHER GRIFFIN, DOES NOT HAVE AN OWNERSHIP INTEREST OR ANY OTHER RIGHTS TO THE POLYZILAZANE FORMULA DEVELOPED BY WINTERS AND CURRENTLY OWNED BY THOR CUSTOM STEEL COATING, LLC.

33. That Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters, incorporate herein by reference all prior allegations.

34. That a declaratory judgment action is the proper procedural vehicle to use to distinguish the ownership interest and any other rights of the non-silicone formula owned by Plaintiff, Thor Custom Steel Coating, LLC, and developed by Plaintiff, Winters.

35. That this controversy fits squarely within the very purpose of declaratory judgment actions – to resolve a dispute or uncertainty before it progresses to the point where real harm occurs.

36. That this controversy is ripe for judgment. Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters, have been contacted by Defendant Griffin, wherein Griffin suggested that the non-silicone formula was owned either partially or completely by Griffin.

37. That a declaratory judgment by which a court of law determines the rights and responsibilities of the parties to this action and is necessary to resolve an existing dispute.

38. That for the reasons set forth in Count II, Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters, request that this Honorable Court declare that Defendant, Christopher Griffin, has no ownership interest, or any other rights, in the non-silicone

formula developed by Plaintiff, Winters, and currently owned by Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters.

### COUNT III: DECLARATORY JUDGMENT TO DECLARE THAT DEFENDANT, PROVECTUS ALCHEMY, INC., DOES NOT HAVE AN OWNERSHIP INTEREST OR ANY OTHER RIGHTS TO THE POLYZILAZANE FORMULA DEVELOPED BY WINTERS AND CURRENTLY OWNED BY THOR CUSTOM STEEL COATING, LLC.

39. That Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters, incorporate herein by reference all prior allegations.

40. That a declaratory judgment action is the proper procedural vehicle to use to distinguish the ownership interest and any other rights of the non-silicone formula owned by Plaintiff, Thor Custom Steel Coating, LLC, and developed by Plaintiff, Winters.

41. That this controversy fits squarely within the very purpose of declaratory judgment actions – to resolve a dispute or uncertainty before it progresses to the point where real harm occurs.

42. That this controversy is ripe for judgment. Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters, have been contacted by Defendant Provectus Alchemy, Inc., wherein Defendant, Provectus Alchemy, Inc., suggested that Winters' non-silicone formula was owned either partially or completely by Provectus Alchemy, Inc.

43. That a declaratory judgment by which a court of law determines the rights and responsibilities of the parties to this action and is necessary to resolve an existing dispute.

44. That for the reasons set forth in Count III, Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters, request that this Honorable Court declare that Defendant, Provectus Alchemy, Inc., has no ownership interest, or any other rights, in the non-silicone formula developed by Plaintiff, Winters, and currently owned by Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters.

WHEREFORE, Plaintiffs, Thor Custom Steel Coatings, LLC, Jim Epstein, Evan Epstein, and Jonathan Winters, respectfully request that this Honorable Court declare that the Defendants, Bryan Bishop, Christopher Griffin, and Provectus Alchemy, Inc., individually, jointly, or severally, do not have an ownership interest, or any other rights, in the non-silicone formula developed by Plaintiff, Jonathan Winters, and currently owned by Plaintiff, Thor Custom Steel Coatings, LLC., and that the Defendants, Bryan Bishop, Christopher Griffin, and Provectus Alchemy, Inc., individually, jointly, or severally, be permanently enjoined from making such claims in law or equity; and for all other just and proper relief in the premises.

Respectfully Submitted By:

s/Joseph O. Walsh, Jr.
Joseph O. Walsh, Jr. Atty # 30461-46
Attorney for Plaintiffs
605 Franklin St.
Michigan City, IN 46360
219-221-6601
219-221-6018 (fax)